FILED
AUG 2 0 2018
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM LEE GRANT II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No.: 1:18-cv-01806 (UNA) |
| ) | |
| U.S. DEPT. OF TREASURY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has submitted a complaint ("Compl.") and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Springfield, Illinois. Compl. at caption. He sues the U.S. Departments of Treasury and Transportation, in name only. *Id.* Plaintiff's actual allegations are predicated on various forms of purported employment discrimination he experienced while employed by the Illinois Department of Transportation ("IDOT") and the Illinois Governor's Office, approximately four to six years ago. *Id.* at 1 ¶¶ 1-5, 2 ¶¶ 1-2. He further alleges that he was unfairly denied unemployment benefits by the Illinois Department of Employment Security. *Id.* at 2 ¶ 4. Plaintiff believes he has been backlisted from various jobs, and though the connection to the other allegations is unclear, there exists an insinuation of a conspiracy between the Illinois agencies. *Id.* at 2 ¶¶ 4-8.

To the extent that plaintiff brings claims against Illinois state agencies, the Eleventh Amendment to the U.S. Constitution immunizes the state bodies from suit in federal court, unless

1

immunity is waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.' " *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). The complaint fails to establish any waiver of such immunity.

Despite having named the Departments of Treasury and Transportation in this case, plaintiff fails to make out any actual allegations against the named defendants. Assuming *arguendo* that plaintiff had pled sufficient factual and legal bases against defendants, such claims would nonetheless fail. The United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Sovereign immunity bars a suit against the United States and its agencies except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Plaintiff has neither pled nor established that either the expressly named defendants, or the implied defendants, have expressly consented to damages suits for constitutional violations.

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

Therefore, subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3). As a result, this case is dismissed. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: August 17, 2018

United States District Judge